## BRAINARD *v.* PULSIFER and others.

(*Circuit Court, D. Massachusetts.* May 19, 1881.)

1. PATENT—COMPOSITORS' COPY DISTRIBUTOR—INFRINGEMENT.

Complainant's apparatus, consisting of a galley-stand with lettered apartments to hold the galleys, and pins on the side of the stand to hold the copy, lettered to correspond with the respective apartments, *held,* infringed by a device where the lettered pins were ranged along the wall of the composing room back of the galley-stand, having lettered apartments corresponding to the respective pins.

In Equity.

*Thomas W. Clark* and *Charles R. Brainard,* for complainant.

*Charles J. Brooks* and *James E. Maynadier,* for defendants.

LOWELL, C. J.    The plaintiff is the inventor and owner of an "improvement in compositors' copy distributors," patented March 31, 1874, No. 149,092. The case has been tried upon the patent, and a short stipulation as to the state of the art and the thing which the defendants use.    In printing daily newspapers great speed and diligence are required; and the copy for a single "galley," which is the printer's unit of length in printing a book or a newspaper, is given out to several different compositors in small pieces, called "takes."    Each compositor, of course, knows by some mark on the "copy," or sees by reading what is already set up, which galley is to receive his type when set up, so as to make sense and continuity in the reading.    The galleys are put upon a stand, or galley-bank, or holder, from which, when complete, the printer takes them to the press.    The proof-reader corrects the proof when it is drawn from the galley; consequently, he must have the copy properly sorted, as well as the type properly arranged.

It is agreed that before the plaintiff's invention all the compositors of the whole newspaper put their copy, after they had set it up, into a drawer or upon a table, and the proof-reader, or, more usually, a young man called the sorter, was obliged to pick out and arrange the copy for the several galleys.

The invention of the plaintiff consists in numbering or lettering each galley-holder, and putting a series of pins or hooks, with corresponding letters or numbers, upon the upper part of this piece of furniture. As the compositors of galley A put their set-up type into that galley, they are instructed by the patent to hang their copy upon hook A, and so on through the alphabet. By this means the compositors assort the copy and save the time of a sorter, or of the proof-reader. The improvement is so very simple that it seems almost incredible that the plaintiff was the first person to make it. But the stipulation finds him to be the original inventor of it. By reason of the same simplicity it is argued not to be an invention at all. No doubt the chief merit is in the idea, which is not patentable, of requiring the compositors for each galley to keep their copy separate from that for every other galley. But I am of opinion that when a mechanical contrivance is made to aid in carrying out this idea by lettering the galleys, or galley-holders, and the corresponding hooks, it is an improvement which is patentable. The plaintiff has patents for two other improved forms of his device; but they are not brought in question now.

The defendants own and publish the newspaper called the Boston *Herald,* and letter their galleys, or galley-holders, and have corresponding letters upon pins or hooks, which are ranged upon the wall of their printing house, immediately behind the galley-holders. This appears to me a clear infringement.

Decree for the complainant.